PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIGUEL HINOJOZA, ) | |
| ) | CASE NO. 4:13cv2467 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

*Pro se* Petitioner Miguel Hinojoza (a.k.a. Miguel Engel Hinojosa-Quinones) filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Hinojoza is currently incarcerated in the Northeast Ohio Correctional Center ("NEOCC") having pled guilty in the United States District Court for the Southern District of New York to conspiracy to distribute a controlled substance. He was sentenced on May 12, 2009 to 84 months incarceration. In his Petition, Hinojoza claims he is unable to participate in a Residential Drug Abuse Program ("RDAP") or receive early release because Immigration and Customs Enforcement ("ICE") placed a detainer against him as a deportable alien. He claims he is serving a longer sentence than he anticipated. He seeks a reduction in his sentence to reflect the time he would have been able to serve in a halfway house through the RDAP or the amount of time that would have been deducted from his sentence for early release.

Hinojoza also filed an Application to Proceed *In Forma Pauperis*. ECF No. 4. That Application is granted.

## I. Background

A criminal complaint was filed against Hinojoza in the United States District Court for the

(4:13cv2467)

Southern District of New York on December 24, 2007 for one count of conspiracy to distribute a controlled substance, and one count of conspiracy to possess with intent to distribute one kilogram or more of mixtures and substances containing a detectable amount of heroin. ECF No. 1 at 2. He entered into a plea agreement on January 5, 2009 in which he pled guilty to conspiracy to distribute a controlled substance in exchange for the government's agreement to dismiss the other charge. *See United States v. Hinojoza-Quinones*, No. 1:08 cr 242 (S.D.N.Y. indict. filed Mar. 19, 2008). He was sentenced on May 12, 2009 to a term of incarceration of eighty-four (84) months. *Id.*(ECF No. 34 at 2). At the sentencing hearing, the court recommended Hinojoza be designated to FCI-Fort Dix, New Jersey, and that he participate in a 500 hour residential drug abuse program (RDAP). *Id.* (ECF No. 34 at 2).

After sentencing, Hinojoza was transferred to NEOCC. ICE placed a detainer against him as a deportable alien. ECF No. 1 at 4. Because the detainer is in place, Hinojoza is unable to participate in a home detention program or an RDAP. ECF No. 1 at 4. He further alleges he cannot contest the detainer because NEOCC does not offer an Institution Hearing Program which allows inmates to receive a decision about deportation or have the detainer removed. ECF No. 1 at 8. He claims that on the day of his sentencing, he believed he would receive early release. ECF No. 1 at 7. He indicates that due to the detainer, he is not eligible to participate in an RDAP that would have triggered his early release, and he is therefore serving a longer sentence than he anticipated. ECF No. 1 at 7. Hinojoza requests that this Court reduce his sentence to reflect successful completion of the RDAP or to credit his sentence for the time he was denied in a halfway house. ECF No. 1 at 8.

2

(4:13cv2467)

## II. Standard for Dismissal

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Law and Analysis

RDAPs were introduced into prisons as a result of the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"). The VCCLEA amended 18 U.S.C. § 3621 to require prisons to make treatment programs available for each prisoner that the BOP deems treatable for substance addiction or abuse. The period of time that a prisoner remains in custody may be reduced after successfully completing a treatment program. 18 U.S.C. § 3621(e)(2)(B). To be eligible for participation, an inmate must be able to complete all three components of the RDAP. 28 C.F.R. § 550.53(a). The third component is transitional drug abuse treatment ("TDAT"), which includes

3

(4:13cv2467)

placement in a community-based program. 28 C.F.R. § 550.53(a)(3). Placement in a community-based program to complete the TDAT requires transfer to a Residential Reentry Center ("RRC"), or home confinement. A deportable alien is not qualified to participate in an RDAP because he is not eligible for RRC placement or early release under 18 U.S.C. § 3621. *See* 28 C.F.R. § 550.55. He therefore cannot participate in the TDAT, and is ineligible for an RDAP.

Hinojoza's claims in this Petition are twofold. First, he asserts that he was wrongfully denied the benefits of early release through an RDAP because ICE assigned a deportable alien public safety factor to him. He contends he anticipated a shorter sentence because the district judge at his sentencing recommended that he be considered for this program. Second, Hinojoza contends he cannot contest the detainer or receive an early hearing on deportation because NEOCC does not offer an Institution Hearing Program to contest immigration detainers. He reasons that if he could have an institution hearing, there is a chance he would be deemed nondeportable and would then become eligible for early release. Hinojoza also contends that although he is ineligible to complete the RDAP, he should still receive the reduced sentence which he anticipated at the time of his sentencing. Hinojoza does not assert any legal theory to support his claims for entitlement to relief. The Court therefore liberally construes his petition as asserting a claim for denial of due process.

To support a due process claim, Hinojoza must establish an infringement of a protected liberty interest. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993); *Fristoe v. R.G. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). The Constitution, however, does not itself afford a prisoner a liberty interest in a reduced sentence, or in conditional release before the expiration of a valid sentence. *See Greenholtz*

4

(4:13cv2467)

*v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Early release is much like parole in that it "provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 7; *see Sandin v. Conner*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest).

Furthermore, early release as a result of participation in an RDAP is not guaranteed. As an incentive for prisoners to participate in such treatment programs, the statute allows prisoners convicted of nonviolent offenses to receive a reduction in sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B); *Orr v. Hawk*, 156 F.3d 651, 652-53 (6th Cir. 1998). Title 18 U.S.C. § 3621(e)(2) grants the Bureau of Prisons full discretion to grant or withhold an early release, even to those who have completed the RDAP. *Fanning v. Patton*, No. 07-CV-98, 2007 WL 2979927, at *6 (E.D. Ky Oct. 11, 2007). Nothing in the statute requires the Bureau of Prisons to grant early release to any eligible prisoner. Consequently, there is no liberty interest in a reduced sentence under 18 U.S.C. § 3621(e)(2)(B). *Lopez v. Davis*, 531 U.S. 230, 239-41 (2001) (noting as significant Congress's use of "may" rather than "shall" in § 3621(e)). Also, the fact that a public safety factor may adversely affect a federal inmate's eligibility to participate in BOP programs such as RDAP does not violate his or her rights to due process and equal protection of the law. *Aguilera v. Federal Bureau of Prisons*, No. 4:13 CV 513, 2013 WL 5676324, at *5-6 (N.D. Ohio Oct. 17, 2013); *Muniz v. Sabol*, 517 F.3d 29, 40 (5th Cir. 2008); *Perez v. Lappin*, 672 F.Supp.2d 35, 41 (D.D.C. 2009).

In addition, Hinojoza claims NEOCC does not offer an Institution Hearing Program ("IHP") to determine whether he will be deported upon release from prison, and the Bureau of Prisons refused to transfer him to a facility that offers the program. BOP Program Statement 5111.04

5

(4:13cv2467)

provides a means for inmates to be made available to ICE for deportation proceedings prior to the inmate's sentence expiration. Those inmates who are identified as eligible for the program will be transferred to one of the institutions designated as an IHP site. Those inmates who are not redesignated to a hearing site will be processed by ICE at the expiration of their sentences.

Prisoners do not maintain a due process interest in the place of their confinement nor do they have a constitutional right to transfer to a particular facility. *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Hinojoza was not transferred to a IHP site because there were no available beds. ECF No. 1 at 20. He will be provided with a deportation hearing once he is transferred to ICE custody upon his release from prison pursuant to the detainer. He has no constitutional right to be transferred to an IHP facility.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

| | |
|---|---|
| May 14, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |